## IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| PAM GARDNER, ) | |
| ) | |
|     Plaintiff, ) | Cause No. |
| ) | |
| v. ) | Division No. |
| ) | |
| AMF BOWLING CENTERS, INC. ) | |
| D/B/A BOWLERO LAKESIDE ) | |
| ) | |
|     **HOLD SERVICE** ) | |
|     CT Corporation System ) | JURY TRIAL DEMANDED |
|     120 South Central Ave. ) | |
|     Clayton, MO 63105 ) | |
| ) | |
| BOWLERO CORPORATION ) | |
| ) | |
|     **HOLD SERVICE** ) | |
|     Ricky Chung, General Counsel ) | |
|     222 W. 44th Street ) | |
|     New York, NY 10036 ) | |
| ) | |
| LEISERV, LLC ) | |
| ) | |
|     **HOLD SERVICE** ) | |
|     CT Corporation System ) | |
|     120 South Central Ave. ) | |
|     Clayton, MO 63105 ) | |

### PLAINTIFF'S PETITION

COMES NOW, Plaintiff Pam Gardner, by and through the undersigned counsel, and for her cause of action against Defendants AMF Bowling Centers, Inc. d/b/a Bowlero Lakeside, Bowlero Corporation, and Leiserv, LLC, states to the Court as follows:

**Jurisdiction and Venue**

1.    Plaintiff is an individual residing in St. Louis County, State of Missouri.

2. Defendant AMF Bowling Centers, Inc. d/b/a Bowlero Lakeside is and was at all times mentioned a corporation licensed to do business in Missouri and did at all times relevant direct, coordinate, and control its activities from Missouri.

3. Defendant Bowlero Corporation is a Delaware corporation and an assumed name for AMF Bowling Centers, Inc. that did at all times relevant direct, coordinate, and control its activities from Missouri.

4. Defendant Leiserv, LLC, formerly doing business as "Brunswick Zone – Lakeside" is and was at all times mentioned a limited liability company licensed to do business in Missouri and did at all times relevant direct, coordinate, and control its activities from Missouri.

5. Defendants did at all times relevant maintain facilities and agents located in Missouri.

6. On or about October 15, 2016, Defendants owned, controlled, operated, and/or maintained a bowling alley now known as Bowlero Lakeside and formerly known as Brunswick Zone Lakeside, located at 1254 Dougherty Ferry Road, Valley Park, MO 63088 (hereinafter "Defendants' facility").

7. Venue is proper in St. Louis County, Missouri wherein the cause of action accrued pursuant to R.S.Mo. § 508.010.

**Factual Allegations**

8. Plaintiff was born with hydrocephalus, a buildup of fluid in the ventricles deep within the brain, and she also has dolichocephaly, a condition where the head is longer than expected.

9. From more than 20 years, she has been employed through Lafayette Industries, a sheltered workshop.

10. Throughout the span of her employment, the sheltered workshop has hosted weekly outings at the Defendants' facility; Plaintiff attended nearly every one of the weekly outings through October 15, 2016.

11. On or about October 15, 2016, Plaintiff was an invitee for one of these weekly outings at the premises owned and/or controlled by the Defendants.

12. Along with other employees of the sheltered workshop, upon information and belief, there was also another group of disabled individuals at the Defendants' facility through the local Special Olympics.

13. On or about October 15, 2016, as Plaintiff was walking toward one of the bowling lanes, she tripped when a metal plate that acted as a transition from the seating/scoring area to the bowling lanes shifted as she stepped near it, causing it to raise up, for her to trip on it and then to fall, hit her head and bite through her lip.

14. The transition where Plaintiff fell was owned, controlled, and/or maintained by the Defendants.

15. Plaintiff had to be transferred by ambulance to St. Luke's where she received 22 stitches on her head and was discharged.

16. In the overnight hours after discharge, Plaintiff lost consciousness and was rushed to Hannibal Regional Hospital, where a CT showed a large acute right frontoparietal subdural hematoma.

17. Plaintiff was then transported by helicopter back to St. Luke's, where she underwent a right frontoparietal craniotomy for evacuation of the hematoma.

18. While hospitalized, she suffered multiple strokes and her hospitalization required insertion of a feeding tube.

19. She also developed diabetes insipidus, an illness associated with a traumatic brain injury.

20. Plaintiff was eventually transferred from St. Luke's Hospital to St. Luke's Rehabilitation Hospital, where she stayed for therapy through November 17, 2016.

21. Plaintiff continues to experience significant short-term memory issues and suffers anxiety related to activities outside of her home.

### Count I – Premises Liability

22. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 19 as if fully set forth herein.

23. Plaintiff's injuries were directly and proximately caused by the negligence of Defendant in the following respects:

   a. Defendants failed to warn Plaintiff and other invitees of the loose condition of the transition when Defendants knew or by using ordinary care could have known of the dangerous condition on Defendants' floor and of the unreasonable risk of harm to Plaintiff;

   b. Defendants failed to secure the transition when they knew or by using ordinary care could have known of the dangerous condition on Defendants' floor and of the unreasonable risk of harm to Plaintiff;

   c. Defendants failed to barricade or close off the area where the transition was located until such time as it could be secured or removed when Defendants knew or by using ordinary care could have known of the dangerous condition of the floor and of the unreasonable risk of harm to Plaintiff.

24. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff suffered serious injuries including a head/brain injury and she bit through her lip. Plaintiff has undergone surgery on her head/brain and required therapy; she has had pain, discomfort, disability, and loss of function from the brain injury, and her ability to labor and enjoy the ordinary pursuits of life was injured.

25. As a direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical expenses totaling approximately $261,000.00.

26. As a direct and proximate result of the negligence of Defendants, it is reasonably probable that Plaintiff will incur additional future medical expenses relative to her injuries.

27. As a direct and proximate result of the negligence of Defendants, Plaintiff has been caused to incur extreme pain and suffering and will continue to endure pain and suffering in the future.

WHEREFORE, Plaintiff, Pam Gardner, prays for judgment against Defendants AMF Bowling Centers, Inc. d/b/a Bowlero Lakeside, Bowlero Corporation, and Leiserv, LLC in an amount in excess of Twenty-Five Thousand Dollars, which is fair and reasonable under the circumstances, together with his costs herein expended, and for such other and further relief as the Court deems just and equitable.

### Count II – General Negligence

28. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 21 as if fully set forth herein.

29. Defendants owed a duty to their regular patrons with disabilities, including Plaintiff, to provide a safe method of ingress and egress to and from the bowling lanes.

30. Defendants knew that such patrons were in conditions to overlook dangers that other adults may have avoided and, therefore, should have inspected the bowling lane and either fixed the transition or directed Plaintiff and other disabled individuals to a lane where there was not a transition capable of coming loose.

31. Defendants breached that duty when they failed to have any of their agents/employees inspect the lane and either fix the transition or direct Plaintiff elsewhere.

32. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff suffered serious injuries including a head/brain injury and she bit through her lip. Plaintiff has undergone surgery on her head/brain and required therapy; she has had pain, discomfort, disability, and loss of function from the brain injury, and her ability to labor and enjoy the ordinary pursuits of life was injured.

33. As a direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical expenses totaling approximately $261,000.00.

34. As a direct and proximate result of the negligence of Defendants, it is reasonably probable that Plaintiff will incur additional future medical expenses relative to her injuries.

35. As a direct and proximate result of the negligence of Defendants, Plaintiff has been caused to incur extreme pain and suffering and will continue to endure pain and suffering in the future.

WHEREFORE, Plaintiff, Pam Gardner, prays for judgment against Defendants AMF Bowling Centers, Inc. d/b/a Bowlero Lakeside, Bowlero Corporation, and Leiserv, LLC in an amount in excess of Twenty-Five Thousand Dollars, which is fair and reasonable under the circumstances, together with his costs herein expended, and for such other and further relief as the Court deems just and equitable.

**ETZKORN & ETZKORN, LLP**

*/s/ Kevin P. Etzkorn*
Kevin P. Etzkorn, #56564
8821 Manchester Road
St. Louis, MO 63144
P: (314) 596-9361
F: (314) 266-3928
kevin@etzkornlawyers.com
**Attorneys for Plaintiff**

Electronically Filed - St Louis County - July 12, 2021 - 11:55 AM